UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LANCE HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-03053-TWP-DLP |
| | ) | |
| BADGE #49, | ) | |
| KEITH HARTZELL, | ) | |
| SMITH, | ) | |
| FISHPATRIC, | ) | |
| MOORE, | ) | |
| DEWANGER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Leave to Proceed** *in Forma Pauperis*

Plaintiff Lance Howard is an inmate at Pendleton Correctional Facility ("Pendleton"). His motion for leave to proceed *in forma pauperis*, dkt [3] is **denied** because he is not eligible for that status based on the barrier established by 28 U.S.C. § 1915(g) and the plaintiff's previous history of frivolous litigation brought in federal court. In other words, Mr. Howard is a prisoner who has filed at least three suits or appeals which have been dismissed as frivolous, malicious, or for failure to state a claim. This renders him ineligible to proceed *in forma pauperis* by 28 U.S.C. § 1915(g). Mr. Howard was notified of this fact in *Howard v. Canniff*, 1:18-cv-2499-SEB-MJD, on August 20, 2018.

In this case, Mr. Howard names employees of Putnamville Correctional Facility ("Putnamville") as defendants. In his motion for leave to proceed *in forma pauperis* he states that he qualifies for the narrow exception to the barrier created by § 1915(g) because he "is under imminent danger of serious physical injury." He states that he suffers from psychological injury

and is in imminent danger because staff and "defendant successors continue to threaten me with worse condition/being housed in a segregation setting they assert as mental health that's being treated to subject me to corporal punishment and if complaint is not screened plaintiff is likely to be subjected to assault." Dkt. 3. This allegation of imminent danger is disconnected from the facts in the complaint which are based on the actions of prison employees at a different prison. The employees at Putnamville are not responsible for Mr. Howard's current conditions of confinement at Pendleton. Based on these circumstances, Mr. Howard cannot claim that he "is under imminent danger of serious physical injury" such that he qualifies for the narrow exception to the barrier created by § 1915(g).

Mr. Howard is warned that if he continues to file frivolous actions, he could be sanctioned. This Court could direct the Clerk to refuse to file any papers submitted by Mr. Howard in any civil case filed in the Southern District of Indiana. *See Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). This would be a severe sanction because it would impede Mr. Howard's ability to litigate his on-going litigation. However, the continued abuse of this Court's resources through the filing of litigation that is barred by § 1915(g) would warrant such a sanction. Mr. Howard is directed to proceed with caution.

Mr. Howard acknowledges that he does not have sufficient funds to pay the $400 filing fee in this action. Because he has accumulated three strikes, he is not permitted to proceed *in forma pauperis*. These circumstances will require the immediate termination of the action. Judgment dismissing this action without prejudice shall be issued.

**IT IS SO ORDERED.**

Date: 10/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

LANCE HOWARD
250494
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only